**Richard J. GLAIR, Plaintiff— Appellant,**

v.

**CITY OF LOS ANGELES; et al., Defendants—Appellees.**

No. 06–55886.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008 *.

Filed May 2, 2008.

Richard J. Glair, Los Angeles, CA, pro se.

Heather E. Davis, Esq., Melody Bormaster Los Angeles City, Attorney's Office, Los Angeles, CA, for Defendants–Appellees.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

MEMORANDUM **

Richard Glair appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that officers of the Los Angeles Department of Animal Services unlawfully searched his home and seized his dog. We have jurisdiction under 28 U.S.C. § 1291. We re-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

view de novo, *Boston Mut. Ins. v. Murphree,* 242 F.3d 899, 902 (9th Cir.2001), and we affirm.

Glair contends that the district court erred in granting summary judgment to defendants because the search warrant was not supported by probable cause, and was based on omissions and misleading statements by the officers. We disagree. Considering the totality of the circumstances and in particular the report by Officer Gonzalez, the district court had a substantial basis for concluding that probable cause for the warrant existed. *See Illinois v. Gates,* 462 U.S. 213, 238–39, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The record supports the district court's conclusion that Glair failed to raise a triable issue as to the validity of Officer Gonzalez's report. *See Hervey v. Estes,* 65 F.3d 784, 790 (9th Cir.1995) (stating that on summary judgment a "substantial showing" is required that the officers "made deliberately false statements or recklessly disregarded the truth in the affidavit.").

Glair's remaining challenges to the validity of the warrant, including that the conditions in his apartment were insufficiently serious to constitute a violation, that not all of the officers reported a smell, that the issuance of the warrant was to punish Glair for not agreeing to a warrantless inspection, and that the warrant lacked a legal basis, are unpersuasive.

Glair also contends that the district court erred in granting summary judgment because the seizure of the dog was objectively unreasonable. We disagree. The photographic evidence obtained during the search gave the district court an objective basis to consider "the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."

*Graham v. Connor,* 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Considering this photographic record, the district court properly determined that Glair failed to raise a triable issue as to whether the seizure was objectively unreasonable.

Glair's remaining contentions, including those regarding the scope of Los Angeles Municipal Code § 53.10(a), judicial bias, and alleged mistakes in the magistrate judge's report, are also unpersuasive.

**AFFIRMED.**